UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-08-117-B-W |
| | ) | |
| JEAN KEIPER | ) | |

**ORDER ON GOVERNMENT'S MOTION FOR HEARING ON THE PRESENT MENTAL CONDITION OF CONVICTED DEFENDANT AND GOVERNMENT'S MOTION FOR PSYCHOLOGICAL OR PSYCHIATRIC EXAMINATION OF DEFENDANT**

Over the Defendant's objection, the Court orders the Bureau of Prisons (BOP) to conduct a § 4244(b) mental health examination in-house at a BOP facility.

**I.    STATEMENT OF FACTS**

Jean Keiper is a troubled woman.  She has struggled with mental health issues and has more than once been involuntarily committed to a mental health institution.  At some point, Ms. Keiper became fixated on a physician, who had once been her treating doctor and friend; when the physician broke off relations, Ms. Keiper threatened to harm her.  Despite intervening mental health treatment, including a second involuntary admission to a mental health institution, Ms. Keiper continued periodically to threaten the physician.  Her threats were taken seriously.  The physician received two *Tarasoff* warnings and obtained an Order for Protection from Harassment for herself, her husband, and her children.  Things came to a head in the end of March 2008, when Ms. Keiper took her estranged husband's Smith & Wesson, Model 60-10 .357 revolver, which he had left in his locked vehicle at his house.  After initially denying she had taken the firearm, Ms. Keiper called the Kennebec Valley Mental Health Center and told them that she had

the gun and intended to kill the physician and then herself.  Ms. Keiper was taken into protective custody.

On June 10, 2008, a criminal complaint was filed against Ms. Keiper for possession of a firearm by a person previously committed to a mental health hospital, in violation of 18 U.S.C. § 922(g)(4).  *Compl.* (Docket # 1).  On June 25, 2008, a federal grand jury indicted her for this offense, *Indictment* (Docket # 17), and on December 18, 2008, Ms. Keiper pleaded guilty to the charged offense.  *Minute Entry* (Docket # 70).  It is clear that Ms. Keiper's psychological condition is going to be a significant consideration at sentencing.  The Government has moved under 18 U.S.C. § 4244(a) for a hearing on the present condition of the defendant.  *Gov't's Mot. for Hr'g on the Present Mental Condition of Convicted Def. and Gov't's Mot. for Psychological or Psychiatric Examination of Def.* (Docket # 71) (*Gov't's Mot.*).  The Defendant does not object to the Government's request for a § 4244(a) hearing.  *Def.'s Resp. to Gov't's Mot. for Psychological Evaluation* (Docket # 74) (*Def.'s Resp.*).  The Court fully concurs and grants the Government's motion.

Nor do the parties disagree that a psychological evaluation is in order.  *Gov't's Mot.* at 1; *Def.'s Resp.* at 1-2.  The parties disagree, however, on whether Ms. Keiper "is in need of custody for care or treatment in a suitable facility."  18 U.S.C. § 4244(a).  The Government contends that the Court should order Ms. Keiper to the Metropolitan Correctional Center (MCC) in New York City, where the BOP accepts female defendants for in-house stays of at least thirty days for intensive psychological evaluations.  *Gov't's Mot.* at 4.  Ms. Keiper does not wish to go to the MCC.  Instead, she urges the Court to order an outpatient presentence study under 18 U.S.C. § 3552(b) or presentence examination under 18 U.S.C. § 3552(c).  She identifies Madelon Baranosky, Ph.D., at Yale University's Residence Training Program in Psychiatry as a potential

2

examiner, and encourages the Court to order this outpatient examination, because Ms. Keiper is currently living near Yale, is currently doing well, and an outpatient examination in New Haven would be less stressful for Ms. Keiper than an inpatient study in Manhattan.

## II.    DISCUSSION

The Court resolves the Government's motion based on the interplay between § 3552 and § 4244, the underlying purpose of a § 4244 motion, specific characteristics of the Defendant's background, and the nature and circumstances of her offense. The Court turns first to the Defendant's contention that § 3552 authorizes a non-custodial psychological examination. Section 3552 addresses generally the procedure for the completion of a presentence report, mandating that a United States Probation Officer make a presentence investigation of a defendant and report the results of the investigation to the court. 18 U.S.C. § 3552(a). As a part of that process, § 3552(c) anticipates that a court may desire "more information than is otherwise available to it as a basis for determining the mental condition of the defendant" and the statute gives a court the authority to order "the same psychiatric or psychological examination and report thereon as may be ordered under section 4244(b) of this title." 18 U.S.C. § 3552(c). Section 3552(c) can be used to resolve a broad range of sentencing considerations where the mental health of the defendant is at issue, including, for example, the proper length of incarceration, appropriate conditions for supervised release, or the availability of a downward departure. *See United States v. Morehouse*, 326 F. Supp. 2d 172 (D. Me. 2004). Further, the Court agrees with the Defendant that § 3552(c) could authorize either an inpatient or outpatient examination, where a Court is considering a § 4244(d) hospitalization in lieu of imprisonment.

Section 4244 is more focused. Under § 4244(a), after a defendant has been found guilty, either a defendant or the Government is authorized to move for a hearing on the present

Case 1:08-cr-00117-JAW Document 77 Filed 02/02/09 Page 4 of 5 PageID #: 146

condition of the defendant to determine whether the defendant is "in need of custody for care or treatment in a suitable facility."  The court "shall grant the motion . . . if it is of the opinion that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect for the treatment of which [she] is in need of custody for care or treatment in a suitable facility."  *Id.*  If, after the hearing, the court determines that "the defendant is presently suffering from a mental disease or defect and that [she] should, in lieu of being sentenced to imprisonment, be committed to a suitable facility for care or treatment, the court shall commit the defendant to the custody of the Attorney General" and the Attorney General "shall hospitalize the defendant."  18 U.S.C. § 4244(d).  Section 4244 is "not applicable to a situation where a defendant requests funds for a psychologically-based defense during sentencing, such as a proposed downward departure under the Guidelines.  Instead, the purpose of section 4244 is quite clearly to provide a hearing to determine if hospitalization of a defendant is necessary in lieu of incarceration."  *United States v. Osoba*, 213 F.3d 913, 915 (6th Cir. 2000); *United States v. Lizama*, 13 Fed. Appx. 738, 740 (9th Cir. 2001).

      Here, the government has filed a § 4244 motion asking the Court for a hearing to determine whether to mandate hospitalization of the Defendant in lieu of incarceration.  To make this determination, it makes sense that the court should be aware how the defendant responds to a period of hospitalization.  Although there may be instances where an outpatient examination will suffice, this is not one of them.  Here, the Defendant has a long and complicated psychological history, including involuntary mental health admissions, has admitted fantasizing about killing a physician and her family, and further has admitted possessing a firearm.  *Gov't's Version of Offense* (Docket # 69).  In making its determination as to whether the Defendant should, "in lieu of being sentenced to imprisonment, be committed to a suitable facility for care or treatment,"

the Court concludes that it would be preferable for the § 4244(b) examination to take place in an inpatient facility similar to the type of "suitable facility" where she would be committed in lieu of incarceration. This conclusion does not affect the Defendant's right to seek further evaluations if she disagrees with the BOP's conclusions or wishes a separate, non-BOP psychological opinion on sentencing issues.

### III. CONCLUSION

The Court GRANTS the Government's Motion for Hearing on the Present Mental Condition of Convicted Defendant and Government's Motion for Psychological or Psychiatric Examination of Defendant (Docket # 71). Prior to the hearing, a § 4244(b) mental health examination shall be conducted in-house at a BOP facility. Accordingly, the Court ORDERS the Government to prepare within seven (7) days of the date of this Order a draft Order to effect the Defendant's custody with the Attorney General in accordance with this Order.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 2nd day of February, 2009